[Cite as *Kanter v. Cleveland Hts. Law Dept.*, 2026-Ohio-2876.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| GARRY KANTER | Case No. 2025-01030PQ |
| Requester | Special Master Sarah Pierce |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF CLEVELAND HEIGHTS - LAW DEPARTMENT | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the court (1) order respondent to produce to requester the records described in Appendix A of this report and recommendation; (2) grant respondent's May 13, 2026 motion to strike and seal; (3) order respondent to reimburse requester's filing fee, and (4) order respondent to bear the remaining court costs of this case.

### I.    Background

{¶2} In early August 2024, the City of Cleveland Heights engaged the law firm Flannery | Georgalis, LLC to investigate potential Open Meetings Act violations by members of the Cleveland Heights City Council. *Req. Evidence, filed Apr. 24, 2026*, p. 3, 15-19; *Resp. Other Evidence, filed Apr. 28, 2026*, p. 5-9. Some of the council members were represented by a separate attorney with the law firm UB Greensfelder LLP. *Req. Ev.*, p. 4, 29-30; *Resp. Response to Complaint, filed May 6, 2026*, p. 4; *see also, e.g.,, Resp. Ev. Records Provided to Requester, filed Apr. 28, 2026*, p. 9. The investigation concluded in August 2025 with a draft investigation report. *See Resp. Ev. Records Provided to Requester*, p. 88; *Resp. Response to Compl.*, p. 4.

{¶3} Former Cleveland Heights Mayor Kahlil Seren held that office during the City Council investigation. *See generally, Resp. Ev. Records Provided to Requester*.

### A. The public-records request

{¶4} On October 27, 2025, Requester Garry Kanter sent a public-records request to Respondent City of Cleveland Heights Law Department. *Complaint, filed Dec. 22, 2025*, p. 1-2. The request asked for records related to the City Council investigation. Specifically, the request asked for "[a]ll emails between Mayor Seren from mayorseren@clevelandheights.gov, mayor@clevelandheights.gov, kahlilseren@gmail.com, or any other personal or campaign email address he used, and any email address at @flannerygeorgalis.com, between May 1, 2024 and September 30, 2025" and "[a]ll Reports, Analysis, Recommendations, Interview notes, and Similar received from Flannery | Georgalis LLC in 2024 or 2025." *Id*., p. 2.

{¶5} On November 21, 2025, the Law Department provided its first response to the request. The Law Department sent 4 pages of responsive records, redacted for attorney-client privilege. *Compl.*, p. 7-12. On November 25, 2025, the Law Department provided its second response to the request. The Law Department sent an additional 163 pages of responsive records, redacted for attorney-client privilege and the trial preparation exception. *Id*., p. 16, 19-184.

### B. Procedural history

{¶6} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Terminating Mediation, entered Apr. 10, 2026*; *Order Modifying Case Schedule, entered Apr. 28, 2026*; *Order Modifying Case Schedule, entered May 5, 2026*; *Order Granting Extension, entered May 14, 2026*.

## II. Analysis

### A. Requester is entitled to further production of records.

{¶7} Requester's complaint states only, "Records requested on October 27, 2025. Follow up email sent on November 10, 2025. No records received. No explanation received." *Compl.*, p. 1. Requester, however, attaches responsive records to his complaint and argues that the redactions applied are not consistent with applicable law. *See Compl.*, p. 7-12, 19-184; *Req. Ev.*, p. 5. The Law Department argues against this claim. *Resp. Response to Compl.*, p. 7-9. A claim for production of records is not mooted

if the records provided were improperly redacted. *Dye v. Cleveland*, 2025-Ohio-2375, ¶ 14, adopted 2025-Ohio-4330 (Ct. of Cl.).

{¶8} If records are withheld from release based on a public-records exception, the public office must "prove facts clearly establishing the applicability of the exception." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 27. The public office "does not meet [its] burden if it has not proven that the requested records fall squarely within the exception," and courts "resolve any doubt in favor of disclosure." (Cleaned up.) *Id*. The public office must produce extrinsic evidence if the applicability of the exception is "not obviously apparent and manifest just from the content of the record itself[.]" *Id*. at ¶ 35.

{¶9} ***Attorney-client privilege.*** The attorney-client privilege is an exception to the release of public records. R.C. 149.43(A)(1)(v); *State ex rel. Lanham v. DeWine*, 2013-Ohio-199, ¶ 26. The attorney-client privilege applies:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

*Id.* at ¶ 27. In other words, the privilege permanently protects communications about legal advice made between a client and their attorney, unless the privilege is waived by the client. The attorney-client privilege includes communications that "facilitate" providing legal advice, such as an attorney's factual investigation conducted "incident to or related to any legal advice." *Id.* at ¶ 29-30, quoting *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 27-31. "[V]oluntary disclosure of privileged communications to a third party waives a claim of privilege with regard to communications on the same subject matter." *12312 Mayfield Rd., LLC v. High & Low Little Italy, LLC*., 2024-Ohio-2717, ¶ 15 (8th Dist.).

{¶10} The Law Department redacted records pursuant to the attorney-client privilege and has provided the unredacted records to the court for in camera review. The

Law Department has not provided any additional evidence beyond the face of the responsive records and Requester's evidence presentation.[1]

{¶11} The following facts are uncontested by the parties: (1) Cleveland Heights engaged the private law firm of Flannery | Georgalis, LLC to "conduct[] an independent investigation of potential violations of the Open Meetings Act by City Council"; (2) that engagement lasted from approximately August 2024 to August 2025; and (3) some of the council members were represented by a different attorney, Michael Ungar, of the law firm UB Greensfelder LLP. *Req. Ev.*, p. 3-4, 15-19, 29-30; *Resp. Other Ev.*, p. 5-9; *Resp. Response to Compl.,* p. 4; *Resp. Ev. Records Provided to Req.*, p. 9, 88.

{¶12} On review of the unredacted records, I find that the majority of the redactions were appropriately made pursuant to the attorney-client privilege. These communications were made between Cleveland Heights (the mayor and law director) and counsel (attorneys and staff with the law firm Flannery | Georgalis, LLC) to facilitate legal advice regarding potential Open Meetings Act violations by City Council.

{¶13} There are two categories of redactions, however, that were not appropriately redacted as privileged communications. First, communications with Michael Ungar, representing individual council members, were not correctly redacted as privileged. While these communications were with counsel for council members (a part of the Cleveland Heights government), in the context of the investigation these members were adverse to the attorney-client relationship between the Flannery | Georgalis, LLC law firm and Cleveland Heights. *See State ex rel. Hicks v. Fraley*, 2021-Ohio-2724, ¶ 17. The council members' attorney publicly stated that the investigation was "retaliatory in nature" and, if informal discussions did not resolve the issue, then "then City Council will be forced to formally retain its own legal counsel at taxpayer expense[.]" *Req. Ev.*, p. 29-30; *Resp. Response to Compl.*, p. 4. There is also no evidence or argument that these represented

---

[1] Unsworn and undated statements in a memorandum of law are not considered evidence in determining a summary judgment motion. *Meadows v. Freedom Banc, Inc.*, 2005-Ohio-1446, ¶ 20 (10th Dist.); *Hickman v. Ford Motor Co.*, 52 Ohio App.2d 327, 330 (8th Dist.1977). This court has applied this standard in deciding the applicability of public-records exceptions. *See*, *e.g.*, *Staton v. Village of Timberlake*, 2023-Ohio-1860, ¶ 16, adopted 2023-Ohio-2322 (Ct. of Cl.).

council members were part of a common interest with Cleveland Heights for purposes of this investigation. *See, e.g., Condominiums at Stonebridge Owners' Assn. v. K&D Group*, 2014-Ohio-503, ¶ 15 (8th Dist.); *State ex rel. Bardwell v. Cordray*, 2009-Ohio-1265, ¶ 87 (10th Dist.). These communications should therefore be provided to Requester.

{¶14} Second, there is one redacted email from a reporter directed to Flannery | Georgalis, LLC regarding the investigation. The reporter is a third-party to the attorney-client relationship. These communications should also be provided to Requester.

{¶15} Finally, there is some evidence of a potential waiver of the attorney-client privilege. Although I will not consider Requester's supplemental evidence (see discussion below), the original evidence submitted by Requester contains public statements made by the then-mayor about the investigation. *See Req. Ev.*, p. 3, 9-10. The Law Department does not contest that these public statements were made.

{¶16} I do not find that these statements constitute a voluntary waiver of the attorney-client privilege. First, these statements likely pre-date formation of the attorney-client relationship. The statements were made on July 29, 2024, and the engagement with Flannery | Georgalis, LLC was formalized on August 6, 2024. *Req. Ev.*, p. 15-19. Second, I decline to find that the mayor, on his own, can waive the attorney-client privilege for Cleveland Heights. A responsible corporate officer may waive the privilege for an entity client. *See, e.g., Aljaberi v. Neurocare Ctr.*, 2018-Ohio-1800, ¶ 24 (5th Dist.). For a municipal client, the responsible officer or body for this purpose is established by local law. *See Guidiville Rancheria v. United States*, N.D.Cal. No. CV 12-01326-YGR (KAW), 2013 U.S. Dist. LEXIS 135944, at *6 (Sep. 20, 2013). The Cleveland Heights Charter and ordinances do not specifically confer this authority on the mayor. Cleveland Hts. Charter, Art. II, IV; Cleveland Hts. Cod.Ord. 121.01.[2] Ultimately, I am persuaded that a finding that the Cleveland Heights mayor can, unilaterally and without specific authority, waive privilege for the city "renders the privilege intolerably uncertain." *Ross v. City of Memphis*,

---

[2] The Cleveland Heights Charter and codified ordinances are available online at https://codelibrary.amlegal.com/codes/clevelandhts/latest/clevelandhts_oh/0-0-0-1 (last accessed June 5, 2026).

423 F.3d 596, 603-604 (6th Cir.2005), quoting *Upjohn Co. v. United States*, 449 U.S. 383, 393 (1981). I therefore find no waiver of the attorney-client privilege.

{¶17} ***Attorney work product.*** Effective September 30, 2025, the Public Records Act was amended to exclude "attorney work product records" from public-records release. R.C. 149.43(A)(1)(zz); *see also* 2025 Am.Sub.H.B. 96 (amending R.C. 149.43). An "attorney work product record" includes:

> a record that is not specific investigatory work product or a trial preparation record and that is created by an attorney, or by the agent of an attorney, in reasonable anticipation of or for litigation, trial, or administrative proceedings, when acting in an official capacity on behalf of the state, a political subdivision of the state, a state agency, a public official, or a public employee, that documents the independent thought processes, mental impressions, legal theories, strategies, analysis, or reasoning of an attorney or the agent of an attorney.

R.C. 149.43(A)(1)(18). The language of this exception generally follows the contours of the attorney work product doctrine. *See TCE Tall Oaks*, 2025-Ohio-4724, ¶ 27 (11th Dist.) (outlining application of work product doctrine as a qualified privilege in litigation).

{¶18} In this case, I do not find that this exception applies to the communications that I recommend producing to the Requester. In this case, this exception would apply to records (1) created by an attorney acting in an official capacity on behalf of Cleveland Heights, (2) in reasonable anticipation of or for a legal proceeding, (3) that document the legal reasoning of the attorney. Communications from a third party (the council members' separate attorney or a reporter) are not created by an attorney or their agent and therefore do not qualify. Investigation to establish facts also does not qualify as attorney "mental processes or legal discussions" and are not protected as attorney work product. *See TCE Tall Oaks,* ¶ 30.

{¶19} ***Trial preparation.*** Effective September 30, 2025, the trial preparation exception was also amended. *See* 2025 Am.Sub.H.B. 96. Trial preparation records are defined as:

> any record created by or for another party or by or for that party's representative, in reasonable anticipation of, or in defense of, a civil or

criminal action or proceeding, that is not a confidential law enforcement investigatory record or attorney work product record and that contains factual information that is specifically compiled for that civil or criminal action or proceeding.

R.C. 149.43(A)(4). The exception expires, as applicable, at the end of all direct appeals, after the time to file a direct appeal, or when "each agency, office, or official responsible for the matter has made a decision not to proceed with the matter[.]" R.C. 149.43(A)(1)(g).

{¶20} There is no evidence in the record that legal action was, or is, being considered by Cleveland Heights or any Cleveland Heights agency, office, or official. For that reason, the Law Department has failed to meet its burden that this exception applies to the records at issue.

{¶21} *Summary*. I recommend that the court order the Law Department to produce to Requester the records described in Appendix A to this report and recommendation.

## B. Respondent's motion to strike should be granted.

{¶22} On May 13, 2026, the Law Department filed a motion to seal and/or strike Requester's May 8, 2026, filing. Requester's May 8, 2026, filing is titled "Supplemental Evidence in Support of Claim." It consists of a 5-page memorandum and attaches two exhibits. Both the memorandum and exhibits concern the recall election of a former Cleveland Heights mayor in September 2025 and the recalled mayor's termination of a former Cleveland Heights law director. Requester argues that the statements presented in this evidence demonstrate a waiver of the attorney-client privilege that applies to the records at issue in this case.

{¶23} Deciding a motion to strike evidentiary matter is within a court's broad discretion. *Whitt v. Wolfinger*, 2015-Ohio-2726, ¶ 13 (4th Dist.). The Law Department argues that the supplemental evidence concerning the termination letter is not, in fact, publicly available. The Law Department states that this material contains attorney-client privileged communications. The Law Department also notes that after this material was released by the former mayor, the Law Department took steps to claw it back.

{¶24} Considering my above finding regarding the mayor's ability to unilaterally waive attorney-client privilege for Cleveland Heights, I recommend that the court grant the Law Department's May 13, 2026, motion to strike. Given the sensitive nature of the

information presented in Requester's May 8, 2026, filing, I further recommend that the court restrict public access to that filing. These recommendations extend to the Requester's "Exhibit N" and any quotations taken from that document or associated press releases.

### C. Costs.

{¶25} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. Because I recommend that the court order further production of records, I also recommend that the court order the Law Department to reimburse Requester's filing fee and bear the remaining court costs of this matter.

## III. Conclusion

{¶26} Based on the above considerations, I recommend that the court:

1)     Order respondent to produce to requester the records described in Appendix A of this report and recommendation;

2)     Grant respondent's May 13, 2026 motion to strike and seal;

3)     Order respondent to reimburse requester's filing fee; and

4)      Order respondent to bear the remaining court costs of this case.

{¶27} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

SARAH PIERCE
Special Master

**Filed June 5, 2026**
**Sent to S.C. Reporter 7/27/26**

**APPENDIX A**

| Page numbers from under seal evidence[3] | Description | Special Master Recommendation |
|---|---|---|
| 4 | Email from Michael Ungar to Flannery \| Georgalis, LLC | Produce to requester |
| 8 | Email from Michael Ungar to Flannery \| Georgalis, LLC | Produce to requester |
| 25 | Email from Michael Ungar to Flannery \| Georgalis, LLC | Produce to requester |
| 29 | Email from Michael Ungar to Flannery \| Georgalis, LLC | Produce to requester |
| 48 | Email from Michael Ungar to Flannery \| Georgalis, LLC | Produce to requester |
| 49-50 | Email from Michael Ungar to Flannery \| Georgalis, LLC | Produce to requester |
| 52-53 | Email from Michael Ungar to Flannery \| Georgalis, LLC | Produce to requester |
| 81-82 | Email from reporter to Flannery \| Georgalis, LLC | Produce to requester |
| 160-161 | Email from reporter to Flannery \| Georgalis, LLC | Produce to requester |

[3] See Resp. Notice of Filing Under Seal Evidence, filed Apr. 29, 2026; Resp. Public Filing of Index, filed Apr. 28, 2026.